OPINION
{¶ 1} Defendant-appellant, Peter A. Thompkins ("appellant"), appeals from the January 5, 2007 judgment of the Franklin County Court of Common Pleas, in which that court denied appellant's November 2, 2006 petition for postconviction relief.
 {¶ 2} This case originated on October 8, 2004, when appellant was indicted by the Franklin County Grand Jury on one count of abduction, one count of attempted murder and two counts of felonious assault. The charges stemmed from appellant having *Page 2 
allegedly abducted his ex-girlfriend and repeatedly stabbed her with a knife. On December 23, 2005, at the conclusion of a jury trial, appellant was acquitted of the abduction charge, but found guilty of the charge of attempted murder and of both charges of felonious assault. On March 2, 2006, the trial court sentenced appellant to a ten-year prison term for the attempted murder and one eight-year prison term on the two felonious assault convictions, which the trial court had merged. The court ordered that appellant serve the two prison terms consecutively.
 {¶ 3} On April 3, 2006, appellant appealed his conviction and sentence, arguing that he received ineffective assistance of counsel when his trial counsel called a particular witness, that the trial court erred in not merging the felonious assault convictions with the attempted murder conviction, and that the trial court violated appellant's right to be free from double jeopardy when it imposed consecutive sentences. This court overruled all of appellant's assignments of error and affirmed. See State v. Thompkins, Franklin App. No. 06AP-310, 2006-Ohio-6148, discretionary appeal not allowed,114 Ohio St.3d 1425, 2007-Ohio-2904, 868 N.E.2d 679.
 {¶ 4} Meanwhile, on November 2, 2006, appellant filed in the trial court a timely petition for postconviction relief. Therein, he argued that his conviction and sentence should be vacated because: (1) when the trial court denied his pretrial motion to dismiss for lack of a speedy trial, it denied him certain constitutional rights, including the rights to due process and equal protection; (2) his counsel was ineffective for failing to call "exonerating medical witnesses" to testify that appellant did not inflict serious physical harm upon the victim; and (3) appellant's sentence violated the Sixth Amendment under Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004), *Page 3 542 U.S. 296. In its January 5, 2007 decision and entry, the trial court dismissed the petition without a hearing, finding that appellant's claims were both barred by res judicata and substantively unmeritorious.
 {¶ 5} On appeal, appellant asserts four assignments of error, as follows:
 I. Trial court erred in not granting appellant-petitioner an evidentiary hearing in light of the medical records, showing ineffective assistance of counsel and prosecutorial misconduct whereby he was deprived of the right to a fair trial under state and federal constitution [sic] rights and equal protection of the law.
 II. Ineffective assistance of counsel when counsel failed to call O.S.U. doctors to testify, hereby depriving him of his right to a fair trial under the Sixth and the Fourteenth Amendments of the Constitution as well as to equal protection of the law.
 III. Prosecutorial misconduct when state failed to correct testimony. Eliciting false testimony for the sake of a conviction, depriving his right to a fair trial under the Sixth and Fourteenth Amendment of the Constitution as well as equal protection of the law.
 IV. Whether or not the Prosecution committed a Brady Violation when the prosecution failed to correct false testimony. Also electing [sic] false testimony.
 {¶ 6} In appellant's supplemental brief, he advances one additional assignment of error, which we will treat as his fifth assignment of error, as follows:
 [V] THE TRIAL COURT COMMITTED PLAIN ERROR BY VIOLATING THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION IN RESENTENCING [sic] APPELLANT.
 {¶ 7} We note initially that appellant's second, third, fourth, and fifth assignments of error do not assign error in the trial court's judgment denying appellant's petition for postconviction relief. We have jurisdiction to review assignments of error stemming only *Page 4 
from the judgment subject of the notice of appeal. App.R. 3(D);Miles Landing Homeowners Assn. v. Bikkani, Cuyahoga App. No. 86356,2006-Ohio-3328, discretionary appeal not allowed, 112 Ohio St.3d 1419,2006-Ohio-6712, 859 N.E.2d 558; Bellecourt v. Cleveland,152 Ohio App.3d 687, 2003-Ohio-2468, 789 N.E.2d 1133, ¶ 38, reversed on other grounds,104 Ohio St.3d 439, 2004-Ohio-6551, 820 N.E.2d 309. Thus, assignments of error must relate to the judgment that is the subject of the notice of appeal. Johnson v. Brown (1949), 60 Ohio Law Abs. 195, 101 N.E.2d 11. Because appellant's second, third, fourth, and fifth assignments of error assign error in a judgment that is not the subject of the notice of appeal, we lack jurisdiction to pass upon their merits.
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred in dismissing his petition for postconviction relief without holding an evidentiary hearing.
 {¶ 9} The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, 2000 Ohio App. LEXIS 6129, at *5. Postconviction relief is not a constitutional right, but rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute. State v.Calhoun (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905. A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, ¶ 32. *Page 5 
 {¶ 10} Appellant's right to postconviction relief arises from R.C.2953.21. Subparagraph (A)(1) of that statute provides, in relevant part:
 Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 11} A petitioner who seeks to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 110,413 N.E.2d 819. "[P]ursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v. Calhoun (1999), 86 Ohio St.3d 279, 291,714 N.E.2d 905. We apply an abuse of discretion standard when reviewing a trial court's decision to deny a postconviction petition without a hearing. State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, citing Calhoun at 284. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 12} Appellant's petition for postconviction relief was based upon three premises: (1) when the trial court denied his pretrial motion to dismiss for lack of a speedy trial, it *Page 6 
denied him certain constitutional rights, including the rights to due process and equal protection; (2) his counsel was ineffective for failing to call "exonerating medical witnesses" to testify that appellant did not inflict serious physical harm upon the victim; and (3) appellant's sentence violated the Sixth Amendment under Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely v. Washington (2004),542 U.S. 296. The only documents attached to appellant's petition were copies of appellant's pretrial motion to dismiss the indictment on speedy trial grounds, and the trial court's decision and entry denying same.[1]
 {¶ 13} We begin by discussing appellant's second claim, in which he asserted that he received ineffective assistance of counsel when trial counsel failed to call "exonerating medical witnesses." Appellant argued that the photographs showing the victim's injuries left the jury with the impression that she suffered serious physical harm, but that, if counsel had called the victim's physicians, they would have testified that she did not suffer serious physical harm, despite the fact that the photographs may have made it appear as if she did. Serious physical harm to the victim is an element of the crime of felonious assault. R.C.2903.11(A). "Serious physical harm to persons" is defined as, inter alia, "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; [a]ny physical harm that involves some permanent disfigurement or that involves some temporary, serious *Page 7 
disfigurement; [or] [a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(c)-(e).
 {¶ 14} We note initially that appellant submitted no documents with his petition that demonstrate that the victim's physicians would have testified in this manner. As we noted earlier, a "trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Calhoun, supra, at 291.
 {¶ 15} Moreover, as we recently explained:
 In a petition for post-conviction relief asserting ineffective assistance of counsel, the "petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." "General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing."
(Citations omitted.) State v. Battle, Franklin App. No. 06AP-863,2007-Ohio-1845, ¶ 12.
 {¶ 16} In Battle, we went on to explain:
 In order to establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that his trial counsel's performance was so deficient that it was unreasonable under prevailing professional norms. Strickland v. Washington (1984), 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674. The defendant must then establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability *Page 8 
sufficient to undermine confidence in the outcome." Id. at 693.
 "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action `might be considered sound trial strategy.'" Id. at 689, citing Michel v. Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed.83. A verdict adverse to a criminal defendant is not of itself indicative that he received ineffective assistance of trial counsel. State v. Hester (1976), 45 Ohio St.2d 71, 75, 341 N.E.2d 304.
 * * *
 [Counsel's decision regarding the calling of witnesses is within the purview of trial strategy, and the failure to subpoena witnesses for trial does not violate counsel's duty to defendant absent a showing of prejudice. State v. Coulter (1992), 75 Ohio App.3d 219, 230, 598 N.E.2d 1324; State v. Hunt (1984), 20 Ohio App.3d 310, 312, 20 OBR 411, 486 N.E.2d 108.
Id. at ¶ 13-14, 16.
 {¶ 17} Appellant submitted to the trial court nothing more than conclusory allegations that if his trial counsel had called "medical witnesses" the jury would have reached a different verdict as to the two counts of felonious assault. But this bare assertion, without more, does not set forth operative facts to establish substantive grounds for relief, such that appellant was entitled to a hearing on his petition.
 {¶ 18} Moreover, among the trial exhibits are numerous photographs taken after the victim had been admitted to the hospital following appellant's attack. Several of these *Page 9 
photographs, taken on October 2, 2004, show a large laceration in the victim's abdomen that required at least 20 staples, stab wounds to the right and left sides of her neck and to the left side of her torso, and a laceration running from the victim's left ear to the left side of her throat that required at least 13 staples. Two other photographs, taken on October 14, 2004, depict the abdominal and ear-to-throat lacerations after the staples had been removed from each. The photograph of the victim's abdomen depicts the deep wound still unhealed and laying open. In addition to the photographic exhibits, the jury heard testimony about the victim's wounds from the paramedics who responded to the scene, and it heard from the victim herself about the details of the attack and the serious nature of her injuries.
 {¶ 19} Given the gruesome content of these exhibits, from which, in light of the testimony, the jury could reasonably conclude that appellant caused the victim serious physical harm, and given the fact that appellant has submitted no evidence as to how the uncalled witnesses to which he refers would have testified, appellant has not demonstrated prejudice. Therefore, he cannot overcome the general presumption that counsel's choices with respect to the calling of witnesses at trial are within the purview of trial strategy. Thus, it was not an abuse of discretion for the trial court to conclude that the outcome of the trial would not have been different had counsel called the "medical witnesses" to which appellant refers.
 {¶ 20} In appellant's first and third claims contained in his petition for postconviction relief, he alleged that when the trial court denied his pretrial motion to dismiss for lack of a speedy trial, it denied him certain constitutional rights, including the rights to due process and equal protection, and that his sentence violated the *Page 10 Sixth Amendment under Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 21} In his pretrial motion to dismiss the indictment, appellant raised the same speedy trial issue that he raised in his petition for post-conviction relief, and he could have raised that issue in his direct appeal. Additionally, he could have raised the Blakely andApprendi issues at sentencing, and he could have challenged his consecutive sentences in his direct appeal.[2]
 {¶ 22} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that wasraised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis sic.) State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, *Page 11 
paragraph nine of the syllabus; State v. Szefcyk (1996),77 Ohio St.3d 93, 96, 671 N.E.2d 233.
 {¶ 23} Because appellant raised his speedy trial issue at trial and could have raised it on direct appeal, and because he could have raised the issue of the legality and constitutionality of his sentence both at sentencing and on direct appeal, the doctrine of res judicata bars him from raising these issues in his petition for postconviction relief. As such, the trial court did not abuse its discretion in dismissing the petition without a hearing vis à vis appellant's first and third claims.
 {¶ 24} Because we find no abuse of discretion in the trial court's summary dismissal of appellant's petition for postconviction relief, we overrule appellant's first assignment of error. We dismiss the appeal for lack of jurisdiction vis à vis appellant's second, third, fourth, and fifth assignments of error because these assignments assign no error in the judgment subject of the notice of appeal. Having done so, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant included within the appendix to his brief numerous documents that purport to be medical records pertaining to the victim's treatment following appellant's attack. However, because these documents were not filed in the trial court and submitted to that court for its consideration, they are not part of the record in this appeal. App.R. 12(A). "[T]he evidentiary basis upon which the court of appeals decides a legal issue must have been adduced before the trial court and have been made a part of the record thereof." State v. Peagler (1996),76 Ohio St.3d 496, 668 N.E.2d 489, paragraph one of the syllabus. Because the medical records attached to appellant's brief were not adduced before the trial court, we cannot consider them.
[2] On February 27, 2006, the Supreme Court of Ohio decided the case of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. As we have recently explained:
"In Foster, the Ohio Supreme Court concluded that portions of Ohio's felony-sentencing statutes violate jury trial rights guaranteed by theSixth Amendment to the United States Constitution. Foster at P50-83. Specifically, the court stated that, under certain circumstances, the felony-sentencing statutes unconstitutionally require a trial court to make `specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant.' Id. at P54. The Ohio Supreme Court then severed from Ohio's felony-sentencing laws the unconstitutional statutes, including R.C. 2929.14(C) and (E)(4) and2929.19(B)(2), which, in combination, required a trial court to make findings and explanations before imposing maximum consecutive sentences. Id. at P99. As a result, pursuant to Foster, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum consecutive sentences. Id. at P100." State v.Sutton, Franklin App. No. 06AP-708, 2007-Ohio-3792, ¶ 65.
In Foster, the court resolved the question whether Ohio's felony sentencing statutes were unconstitutional under Blakely andApprendi, and, upon severing the unconstitutional portions of those statutes, concluded that trial courts have full discretion to impose a prison sentence within the applicable statutory range, and to impose consecutive sentences without making findings or giving particular reasons therefor. Even though Foster had already been decided when appellant was sentenced, he nonetheless could have raised the issue of the legality and constitutionality of his sentence both at sentencing and on direct appeal. *Page 1