[Cite as *In re Estate of Robison*, 2017-Ohio-8980.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re Estate of Thomas W. Robison, Jr., | : | |
| | | No. 17AP-232 |
| (Thomas W. Robison, III, | : | (Prob. No. 578505) |
| Appellant). | : | (REGULAR CALENDAR) |

---

D E C I S I O N

Rendered on December 12, 2017

---

**On brief:** *Bricker & Eckler LLP*, *Quintin F. Lindsmith*, and *Ali I. Haque*, for appellee. **Argued:** *Ali I. Haque*.

**On brief:** *Thomas W. Robison, III*, pro se. **Argued:** *Thomas W. Robison, III*.

---

APPEAL from the Franklin County Court of Common Pleas, Probate Division

KLATT, J.

{¶ 1} Appellant, Thomas W. Robison, III, appeals a judgment of the Franklin County Court of Common Pleas, Probate Division, that adopted the magistrate's decision granting certain exceptions to the estate inventory. Because we lack a final appealable order, we dismiss this appeal.

{¶ 2} On April 4, 2016, Thomas W. Robison, Jr. ("decedent") died testate. Appellant was appointed the executor of his father's estate. On August 4, 2016, appellant filed the estate inventory. Appellee, Jenny Bee Choo Robison, the surviving spouse of decedent, filed exceptions to the inventory. She contended that appellant (1) excluded a number of vehicles owned by decedent from the inventory, (2) mischaracterized decedent's ownership interest in real property located in Lancaster, Ohio, (3) excluded a

lease between appellant and decedent for appellant's residential use of real property in Pataskala, Ohio, (4) improperly included two vehicles subject to a surviving spouse's election pursuant to R.C. 2106.18 in the inventory, and (5) misidentified the VIN or vehicle description for five vehicles.

{¶ 3}   After an unsuccessful attempt at mediation, a magistrate held a hearing on appellee's exceptions to the inventory.  Appellant did not appear although counsel for appellant was present.  At the hearing, appellee presented 38 certificates of title and 2 sets of BMV search records using decedent's social security number that identified vehicles owned by decedent that were not included in the inventory.  Documents intended to correct the inventory with regard to VIN numbers and vehicle descriptions were also submitted.  With regard to the exceptions involving real property, appellee introduced deeds, certificates of transfer and/or title records for property located on Harlem Road in Westerville, Ohio, in Lancaster, Ohio, and in Pataskala, Ohio.  During the hearing, appellee made an oral motion to exclude the Harlem Road property from the inventory because the property was not owned by decedent at the time of his death.

{¶ 4}   On December 14, 2016, the magistrate filed his decision.  The exceptions pertaining to vehicles owned by decedent but excluded from the inventory were granted. The magistrate ordered that the inventory be amended to include the vehicles identified in appellee's exhibits B and C.  Also, the mistakes on the inventory regarding VIN numbers and vehicle descriptions identified in exhibit F were ordered to be corrected. The magistrate granted the exception with regard to the Lancaster property and ordered that the inventory be amended to reflect that decedent had a 2/3-ownership interest in the Lancaster property.  The oral motion to exclude the Harlem Road property from the inventory was granted.

{¶ 5}   The magistrate denied the remaining exceptions.  Because appellee testified that there was no lease on the Pataskala property and that property had been bequeathed to appellant in decedent's will, the magistrate concluded that appellant had the right to reside on the property.  The magistrate also indicated that because the inventory was incomplete regarding vehicles owned by decedent, appellee would have the opportunity to select up to two vehicles to exclude from the inventory once the inventory was amended.

{¶ 6}   In addition to resolving the exceptions to the inventory, the magistrate ordered appellant to appear for a hearing on his removal as executor.  The magistrate extended the time period for appellee, as surviving spouse, to make elections under R.C. Chapter 2106.

{¶ 7}   On December 28, 2016, appellant objected to the magistrate's decision.  He argued that the Harlem Road property should not have been excluded from the inventory and that the surviving spouse should not be permitted to select up to two vehicles pursuant to R.C. 2106.18(A).  No transcript of the November 29, 2016 hearing was filed within 30 days of the filing of the objections as required by Civ.R. 53(D)(3)(b)(iii).

{¶ 8}   Appellant filed a motion for leave to correct transcript filing.  He alleged that there was confusion as to the existence of a recording of the November 29, 2016 hearing.  He mistakenly assumed that the digital recording filed on December 14, 2016, the same day the magistrate's order was filed, was the recording that needed to be transcribed.  He realized his error when the transcript was filed.  On February 24, 2017, appellant filed the transcript from the November 29, 2017 hearing, without leave of court.

{¶ 9}   On March 7, 2017, the trial court entered its judgment entry denying appellant's objections and adopting the magistrate's decision.  It noted that pursuant to R.C. 2115.02, an executor is required to make and return a true inventory of real property and tangible and intangible assets owned by a decedent at the time of death.  The trial court determined that the magistrate did not err in ordering that the inventory be amended to include vehicles that appellant had excluded from the inventory because the evidence showed that decedent owned these vehicles at the time of his death.

{¶ 10} The trial court determined that the magistrate properly denied the exception to exclude two vehicles subject to the surviving spouse's election under R.C. 2106.18.  Because the inventory was incomplete and the court did not know which vehicles the surviving spouse would elect once the inventory was amended, it was not possible to instruct the executor to remove those vehicles from the inventory.  The trial court stated that appellee would have the right to make her election pursuant to R.C. 2106.18 once the inventory was amended.

{¶ 11} The trial court also found that the magistrate did not err in ordering the Harlem Road property excluded from the inventory.  It rejected appellant's argument that

decedent never intended to relinquish his ownership of the Harlem Road property and that the deeds were meant to simply protect appellee's interest in the real estate. The evidence showed that decedent executed and recorded a quit claim deed that transferred all of his interest to appellee in 1991. The trial court also approved the magistrate's decision to set a hearing for the possible removal of appellant as executor.

{¶ 12} The following week, the magistrate entered an order denying as moot appellant's motion for leave to correct the transcript filing. The magistrate also removed appellant as executor due to his neglect to make and return a true inventory of the real property and assets owned by the estate, numerous pro se filings of documents of dubious legal merit, and his attempts to block appellee's right to exercise elections under R.C. Chapter 2106 as surviving spouse.

{¶ 13} On April 4, 2017, appellant filed his notice of appeal. He presents six assignments of error:

> **First Assignment of Error**
> The Probate Court erred in finding Appellants request for leave to correct transcript as moot when Civil Rule 53(D)(b)(iii) requires permission to enter into the record whether filed or not filed.
>
> **Second Assignment of Error**
> The Probate Court erred in determining the Decedent conveyed total ownership and title of his separate property via quitclaim deed in 1991 to spouse, when total ownership and title was not available for him to convey. (March 7, Judgment Entry Adopting)
>
> **Third Assignment of Error**
> The Probate Court erred determining the 1991 quitclaim deed valid and authentic when it represents a buyer/seller conveyance which was impossible, moreover accepting this document as authentic by individuals not qualified to determine its authenticity and the exact ones representing this fraudulent conveyance. The deed is void therefore any action utilizing it void as well. (March 7, Judgment Entry Adopting)
>
> **Fourth Assignment of Error**
> The Probate Court errors when consistently, it will not address any part of spouse failing to exercise her rights within the time requirements contained in R.C. 2106, moreover fails to meet the mandates in motions pursuant 2106.25. Failure to address subject matter historically deems the accusation of the complaining part to be correct. (March 7, Judgment Entry Adopting)

**Fifth Assignment of Error**
The Probate Court erred when pursuant R.C. 2109.24 removed son as executor of his father's estate predominately for inventory issues, when it was well known and documented, that unrestraint, spouse and spouse's counsel, to date and with malice have interfered and made it nearly impossible to accomplish. (March 16, Magistrate Decision)

**Sixth Assignment of Error**
The Probate Court erred in allowing spouse pursuant 2106.18 to elect up to two (2) automobiles from Decedents estate when they are bequeathed to others.

(Sic passim.)

{¶ 14} As a preliminary matter, we address appellee's argument that we should dismiss this appeal for lack of jurisdiction for two reasons. First, two of the assignments of error are not properly before this court because they relate to orders/decisions not included in the notice of appeal. Second, the judgment that is referenced in the notice of appeal is not a final appealable order.

{¶ 15} The purpose of a notice of appeal is to advise the parties that an appeal of a particular claim is forthcoming. *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 10, citing *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259-60 (1982). If the notice meets that purpose, an appellee cannot demonstrate surprise or prejudice. App.R. 3(D) specifies that a notice of appeal "shall designate the judgment, order or part thereof a[p]pealed from." This court has previously held that " '[w]e have jurisdiction to review assignments of error stemming only from the judgment subject of the notice of appeal.' " *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 6, quoting *State v. Thompkins*, 10th Dist. No. 07AP-74, 2007-Ohio-4315, ¶ 7. Assignments of error that do not relate to the judgment that is the subject of the notice of appeal are not properly before the court. *Id.* However, the Supreme Court of Ohio has held that the timely filing of a notice of appeal is the only jurisdictional requirement for perfecting a valid appeal. *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus. "When presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Id.* at 322.

{¶ 16} The judgment entry identified in the notice of appeal must be a final appealable order.  Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."  To qualify as a final appealable order, an order must satisfy the requirements of R.C. 2505.02.  *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7.  Pursuant to R.C. 2505.02(B)(1) and (2), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment" or if it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶ 17} If the appealed judgment does not constitute a final appealable order, an appellate court lacks jurisdiction to review it.  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14. Consequently, in the absence of a final appealable order, an appellate court must dismiss the appeal.  *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 11.

{¶ 18} Appellant's assignments of error involve three separate entries.  The first assignment of error concerns the "Magistrate Order Dismissing Motion for Leave to Correct Transcript Filing as Moot" filed March 16, 2017.  The fifth assignment of error involves the "Magistrate Decision Removing Executor Pursuant to R.C. 2109.24" also filed March 16, 2017.  The remaining assignments of error discuss the "Judgment Entry Overruling Objections and Adopting the Magistrate's Decision Entered December 14, 2016" filed March 7, 2017.

{¶ 19} The notice of appeal filed on April 4, 2017 states:

> Notice is hereby given that the Estate of Thomas W. Robison Jr., deceased, represented by Thomas W. Robison III, Son, Heir, appeals to the Court of Appeals of Franklin County, Ohio, Tenth Appellate District from the Order of The Probate Court of Franklin County, Ohio overruling objections and Adopting The Magistrate's Decision in this action entered on March 07, 2017.  This Appeal involves substantial rights of Heirs and is pursuant The Ohio Rules of Appellate Procedure, Rule 4(B)(5).

{¶ 20}  The orders that are the subject of the first and fifth assignments of error were filed on March 16, 2017, which is after the March 7, 2017 judgment that is the subject

of the notice of appeal. It is axiomatic that an appellee would not be advised that an appellant is appealing from an order issued after the judgment identified in the notice of appeal. Unless an appellant takes steps to amend the notice of appeal pursuant to App.R. 3(F), assignments of error involving entries that postdate the judgment identified in the notice of appeal would not be properly before a court. Here, appellant failed to amend his notice of appeal or file a separate notice of appeal that identified either of the March 16, 2017 entries as a judgment being appealed.[1]

{¶ 21} In addition, the first and fifth assignments of error are not properly before this court because they are an attempt to appeal from a magistrate's order or decision. A magistrate's order or decision is not directly appealable to this court. *See Bond v. Bond*, 10th Dist. No. 98AP-356 (Dec. 15, 1998); *Walker v. Estate of Walker*, 7th Dist. No. 00 CA 208 (Oct. 15, 2001).

{¶ 22} Civ.R. 53(D)(4)(a) explicitly states that a magistrate's decision is not effective until adopted by the court. A party also waives the right to assign as error on appeal any issue of law or fact that the party fails to object to unless it constitutes plain error. Civ.R. 54(D)(3)(b)(iv). Thus, a magistrate's decision is an interlocutory order, not a final appealable order. *Bennett v. Estate of Hollabaugh*, 10th Dist. No. 02AP-1170, 2003-Ohio-4759, ¶ 31. Accordingly, we lack jurisdiction to consider appellant's first and fifth assignments of error, and we dismiss those assignments of error.

{¶ 23} The second, third, fourth, and sixth assignments of error arise from the probate court's March 7, 2017 judgment entry overruling appellant's objections to the magistrate's decision on the exceptions to the inventory. Appellee argues that the March 7, 2017 order is not a final appealable order. We agree.

{¶ 24} To qualify as a final appealable order under R.C. 2505.02(A)(2), the order must affect a substantial right in a special proceeding. Pursuant to R.C. 2505.02(A)(1), a "[s]ubstantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." An order "affects" a substantial right when that order is " 'perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future.' " *Dunham v.*

---

[1] We note that appellant filed a second notice of appeal on April 16, 2017, that was assigned case No. 17AP-257. We dismissed that case because the notice of appeal was identical to the notice of appeal filed in this case.

*Ervin*, 10th Dist. No. 17AP-79, 2017-Ohio-7616, ¶ 13, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶ 25} This court has previously noted that appellate districts are split on the issue of whether probate estate administration proceedings are "special proceedings" under R.C. 2505.02(A)(2). *Fougere v. Estate of Fougere*, 10th Dist. No. 11AP-791, 2012-Ohio-4830, ¶ 20. Although in *Fougere* we declined to determine whether probate estate administration is a special proceeding, *id.* at ¶ 23, this court has held that "[a] probate court's order approving an inventory which does not include certain items appellant claims are assets of an estate is an order affecting a substantial right made in a special proceeding. Thus, under R.C. 2505.02, the order is final and appealable." *Sheets v. Antes*, 14 Ohio App.3d 278 (10th Dist.1984), paragraph two of the syllabus. However, a judgment entry that overrules exceptions but fails to approve a final inventory is not a final appealable order. *In re Estate of Persing*, 11th Dist. No. 2009-T-0120, 2010-Ohio-2687, ¶ 11 ("an order denying exceptions to an inventory is only a final, appealable order if it also approves the inventory"); *In re Estate of Smith*, 4th Dist. No. 06CA2915, 2007-Ohio-3030, ¶ 11.

{¶ 26} Applying this rule to the instant case, we find the probate court's order does not constitute a final appealable order. The judgment clearly contemplates further action in the probate court before approval or settlement of the final account. A number of vehicles are to be added to the inventory. The location and actual existence of some of the vehicles was unknown at the time of the entry due to the nature of decedent's business/hobby of buying, selling, and trading vehicles. The probate court extended appellee's right to exercise her elections as surviving spouse under R.C. Chapter 2106 precisely because the final inventory was not yet known. The judgment entry does not approve or settle an account. The future filing of an amended inventory is clearly contemplated. Once that happens, the parties might take further action with regard to the inventory. As such, future relief on the objections would not be foreclosed to appellant. We, therefore, dismiss the second, third, fourth, and sixth assignments of error for lack of a final appealable order.

{¶ 27} For the foregoing reasons, appellant's appeal is dismissed for lack of jurisdiction.

*Appeal dismissed.*

DORRIAN and HORTON, JJ., concur.

———————