[Cite as *Campbell v. Campbell*, 2021-Ohio-2045.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nichole L. Campbell, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-141 |
| v. | : | (C.P.C. No. 11DR-3194) |
| Stephen A. Campbell, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 17, 2021

**On brief:** *Stephen A. Campbell*, pro se.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

KLATT, J.

{¶ 1}  Defendant-appellant, Stephen A. Campbell, acting pro se, appeals from the February 11, 2020 decision and entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, which denied numerous pro se motions filed by appellant. For the following reasons, we affirm.

{¶ 2}  In April 2012, appellant's marriage to plaintiff-appellee, Nichole L. Campbell, was terminated pursuant to an "Agreed Judgment Entry/Decree of Divorce."  Beginning in January 2017, the parties filed various motions related to parental rights and responsibilities regarding their minor child.  A magistrate conducted a trial of the matters raised in the motions over several days in early 2018.  On November 16, 2018, the magistrate issued a decision which was approved and adopted by the trial court in a judgment entry filed the same day.

{¶ 3} On November 26, 2018, appellant filed a document entitled "Motion to Set Aside Magistrate's Order Filed November 16, 2018." In a decision and entry filed April 30, 2019, the trial court, noting that the November 16, 2018 document was a magistrate's decision and not a magistrate's order, found that appellant had failed to follow the procedures set forth in Civ.R. 53 for challenging a magistrate's decision, i.e., filing objections supported by a transcript of the proceedings before the magistrate. Consequently, the trial court dismissed appellant's motion.

{¶ 4} Several months later, on May 13, 2019, appellant filed a motion for an extension of time to file objections to the magistrate's decision. The next day, May 14, 2019, appellant filed a "Notice of Dismissal" of his May 13, 2019 motion and a motion for leave to file objections to the magistrate's decision. On May 21, 2019, the trial court issued a decision and entry denying appellant's May 13, 2019 motion. Citing the 14-day time limitation for filing objections to a magistrate's decision set forth in Civ.R. 53, the trial court averred that it "cannot extend the time to file an objection for more than five months after an objection is considered to be timely filed." (May 21, 2019 Decision & Entry Denying Motion To Extend Time To File.)

{¶ 5} On May 24, 2019, appellant filed several objections to the magistrate's decision, arguing that the magistrate abused his discretion in various ways. In support of his claims, appellant cited the magistrate's factual findings and related portions of trial testimony; however, he failed to order a transcript of the trial proceedings in accordance with Civ.R. 53(D)(3)(b)(iii). Appellee filed a motion to dismiss the objections on July 9, 2019. The trial court held an oral hearing on the matter on July 23, 2019.[1] At that hearing, appellant acknowledged that he had not ordered a transcript in support of his objections; however, he indicated that he would do so in the near future. The trial court averred that it would not grant appellant an extension of time to file the transcript. In a decision and entry filed on July 23, 2019, the trial court dismissed appellant's objections, finding that the objections were untimely, and that appellant had failed to support the objections with a transcript of the trial proceedings.[2] Appellant did not appeal.

---

[1] The July 23, 2019 hearing also involved a motion to quash a subpoena issued by appellant to a non-party.

[2] The trial court also granted the motion to quash.

{¶ 6} Thereafter, between September 18, 2019 and February 3, 2020, appellant filed a number of motions in which he sought various forms of relief. Specifically, appellant sought to: disqualify the magistrate, disqualify appellee as counsel, strike nearly all of appellee's pleadings, remove the guardian ad litem, dismiss a 2017 agreed magistrate's order regarding discovery, compel appellee's former counsel to comply with a subpoena, sanction said counsel for filing a motion to quash the subpoena, and be granted a new trial.

{¶ 7} The trial court held an oral hearing on appellant's motions on February 10, 2020.[3] No sworn testimony was taken and no evidence was presented. Appellant offered arguments in support of his motions. In a decision and entry filed February 11, 2020, the trial court denied appellant's motions.[4]

{¶ 8} Appellant timely appeals, setting forth 12 assignments of error for review:

> I. The trial court erred when the Magistrate abused his discretion when he would not enforce any of his own orders. The Magistrate violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.
>
> II. The trial court erred when the Magistrate abused his discretion by ignoring Appellant's material evidence. The Magistrate violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.
>
> III. The trial court erred when the Magistrate abused his discretion when he only enforced one part of his scheduling order. The Magistrate violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.
>
> IV. The trial court erred when the Magistrate and prevailing party violated Appellant's civil rights. The Magistrate violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

---

[3] The February 10, 2020 hearing also encompassed appellee's motion to dismiss appellant's motion for new trial as well as motions to quash subpoenas issued by appellant to appellee's former counsel and several other non-parties.

[4] The trial court also granted appellee's motion to dismiss appellant's motion for new trial and the motions to quash filed by the non-parties.

V. The trial court erred when the Judge abused her discretion by admitting that her signatures "got accidentally signed." The Judge violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

VI. The trial court erred when the Judge abused her discretion when she omitted part of the court record. The Judge violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

VII. The trial court erred when the Judge abused her discretion when she ordered Appellant to seek employment. The Judge violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

VIII. The trial court erred when the Judge abused her discretion when she commented on Appellant's civil case from another court. The Judge also allowed Appellee to walk right out of her courtroom knowing she was in contempt of court regarding the parenting coordinator. The Judge violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

IX. The trial court erred when the Magistrate permitted misconduct by the prevailing party as it relates to discovery. The Magistrate violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

X. The trial court erred when the Magistrate abused his discretion allowing Appellee to get away with not reporting her income to the Court, to the Franklin County CSEA and to the IRS. The Magistrate violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

XI. The trial court erred when the Magistrate ignored two of Appellant's surveillance videos he admitted as material evidence. The Magistrate violated numerous Rules of Judicial and Professional Conduct which prevented Appellant from having a fair trial.

XII. The trial court erred when the Magistrate's Decision is contrary to law.

{¶ 9}    As a preliminary issue, although appellant sets forth 12 assignments of error for this court to review, he has not separately argued each of the assignments of error in the body of his brief.  As a result, appellant's brief violates App.R. 16(A)(7).[5]

{¶ 10} A court of appeals has discretion to disregard an assignment of error presented for review if the party raising it "fails to argue the assignment separately in the brief, as required under App.R. 16(A)."  App.R. 12(A)(2).  *See, e.g., State v. Brown*, 10th Dist. No. 16AP-753, 2017-Ohio-7134, ¶ 14 (declining to address part of assignment of error not argued separately in the body of the brief).  However, in the interests of justice, we will address the stated assignments of error to the extent we comprehend them.

{¶ 11} In his first, second, third, fourth, ninth, tenth, eleventh, and twelfth assignments of error, appellant essentially contends that the trial court erred in adopting the magistrate's November 16, 2018 decision.

{¶ 12} We first note that these assignments of error are unrelated to the judgment identified in appellant's March 8, 2020 notice of appeal.  Therein, appellant averred that he was appealing "from the Decision and Entry entered in this action on the 11th day of February, 2020."  As noted above, the trial court dismissed appellant's objections to the magistrate's decision in its July 23, 2019 decision and entry, which appellant did not appeal.

{¶ 13} "[An appellate court] ha[s] jurisdiction to review assignments of error stemming only from the judgment subject of the notice of appeal."  *State v. Thompkins*, 10th Dist. No. 07AP-74, 2007-Ohio-4315, ¶ 7, citing App.R. 3(D).  In other words, " 'assignments of error must relate to the judgment that is the subject of the notice of appeal.' "  *State v. Darks*, 10th Dist. No. 12AP-578, 2013-Ohio-176, ¶ 6, quoting *Thompkins* at ¶ 7; *see also State v. Smith*, 6th Dist. No. L-10-1150, 2011-Ohio-5945, ¶ 3 ("proposed assignments of error are not properly before the court because the proposed errors do not relate to the judgment on appeal").

---

[5] Pursuant to App.R. 12(A)(1)(b), an appellate court determines the merits of an appeal based "on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21."  Under App.R. 16(A)(7), "[t]he appellant shall include in its brief, under the headings and in the order indicated, all of the following:  * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies."  "App.R. 16 and other similar procedural rules ' "are designed to promote the administration of justice and to eliminate undue delay." ' "  *Taneff v. Lipka*, 10th Dist. No. 18AP-291, 2019-Ohio-887, ¶ 29, fn. 4, quoting *Robinson v. Kokosing Constr. Co.*, 10th Dist. No. 05AP-770, 2006-Ohio-1532, ¶ 6.

{¶ 14} Appellant's claims regarding the trial court's adoption of the magistrate's decision were not raised in any of the motions considered in the trial court's February 11, 2020 entry—the entry identified in the March 8, 2020 notice of appeal. Because appellant's assignments of error assign error in a judgment that is not the subject of the notice of appeal, we lack jurisdiction to pass upon their merits.

{¶ 15} However, even if this court had jurisdiction to review the assignments of error, we conclude that they lack merit. In general, " 'a party is barred from raising any error on appeal connected with the trial court's adoption of a magistrate's finding of fact or conclusion of law unless that party timely objected to that decision.' " *Theodore v. Theodore*, 10th Dist. No. 14AP-718, 2015-Ohio-2657, ¶ 5, quoting *Countrywide Home Loans, Inc. v. Caldero*, 8th Dist. No. 92381, 2009-Ohio-4999, ¶ 8. Here, the trial court concluded, and we agree, that appellant failed to file objections to the magistrate's decision within the 14-day time period set forth in Civ.R. 53(D)(3)(b)(i). Moreover, because appellant failed to provide the trial court with a transcript of the proceedings, he " 'cannot challenge the factual findings of the [magistrate] on appeal.' " *Id.*, quoting *Huffer v. Huffer*, 10th Dist. No. 12AP-883, 2013-Ohio-1575, ¶ 7. Thus, " 'this court is bound by the magistrate's factual findings, subject to plain error.' " *Id.*, quoting *Huffer* at ¶ 8. Appellant does not present any arguments regarding plain error, and we discern no grounds for finding plain error. Accordingly, we find that the trial court did not err in adopting the magistrate's decision, given appellant's failure to timely file objections and failure to support his untimely objections with a transcript of the proceedings before the magistrate.

{¶ 16} For the foregoing reasons, appellant's first, second, third, fourth, ninth, tenth, eleventh, and twelfth assignments of error are overruled.

{¶ 17} Appellant's fifth, sixth, seventh, and eighth assignments of error raise challenges to the trial judge's statements, comments, and actions. Appellant claims that the trial judge (1) admitted that her signature on the entry adopting the magistrate's decision was forged, not authorized and invalid, (2) altered and/or deleted portions of the trial court record, (3) ordered appellant to obtain employment, and (4) commented on a civil case filed by appellee seeking to have appellant declared a vexatious litigator. Although appellant's brief is difficult to decipher, it appears that the first three allegations stem from proceedings other than the February 10, 2020 hearing which resulted in the February 11,

2020 entry from which appellant appealed. As noted above, proposed assignments of error unrelated to the judgment on appeal are not properly before this court. *Thompkins*, 10th Dist. No. 07AP-74, 2007-Ohio-4315, at ¶ 7. As to the allegation regarding the alleged improper vexatious litigator comment, appellant cites to a passage from the February 10, 2020 hearing where the trial judge avers, "I'm going to go out on a limb and say [appellee's lawsuit] is a vexatious litigation * * * but I'm not going to offer my opinion." (Feb. 10, 2020 Tr. at 74.) We note that immediately preceding the judge's statement, appellee asserted that her civil case against appellant was "a vexatious litigation." *Id.* Appellant does not explain how the judge's averment about the litigation (about which the judge expressly offered no opinion) relates to the trial court's denial of the motions that were the subject of the February 10, 2020 hearing.

{¶ 18} For the foregoing reasons, appellant's fifth, sixth, seventh, and eighth assignments of error are overruled.

{¶ 19} Having overruled appellant's 12 assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.

————————————