**The STATE of Ohio, Appellee,**

v.

**TEKULVE, Appellant.**

[Cite as *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–090783.

Decided Aug. 6, 2010.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Rachel Lipman Curran, Assistant Prosecuting Attorney, for appellee.

Schmalz and Hale, Inc., and Jeffrey S. Hale, for appellant.

Per Curiam.

{¶ 1} Defendant-appellant Brendan Tekulve appeals from the judgment of the Hamilton County Municipal Court denying his Crim.R. 32.1 postsentence motion to withdraw his no-contest plea to a charge of theft.  In his single assignment of error, Tekulve claims that the trial court erred in denying his motion when his appointed trial counsel had refused to prepare a defense and had failed to warn him that his theft conviction would necessitate Tekulve's removal from an R.C. 2935.36 pretrial-diversion program in a separate case, numbered B–0803861(A).

{¶ 2} In April 2009, Tekulve had walked out of a Dillard's department store without paying for a $30 ball cap.  After consulting with his appointed trial counsel, Tekulve entered a no-contest plea.  The trial court accepted his plea, found him guilty of theft, and imposed a suspended sentence of 30 days'

imprisonment, plus one year of community control, 100 hours of community service, costs, and a $100 fine. The court further ordered him to stay away from Dillard's stores. Tekulve did not file a direct appeal from the trial court's entry of judgment.

{¶ 3} Two months later, after the common pleas court had removed Tekulve from the diversion program, he filed his motion to withdraw his plea in municipal court. The trial court conducted an evidentiary hearing at which Tekulve testified that he had told his trial counsel that remaining in the diversion program was of prime importance to him. He also stated that his trial counsel had told him that he had no realistic defense to the theft charge. The trial court denied Tekulve's motion to withdraw his plea.

{¶ 4} Though Tekulve informed the trial court at the motion hearing that a transcript of his plea proceeding would "be submitted to the court later," that transcript, as well as the common pleas court's entry removing him from the diversion program, was never made part of the record in the trial court. While Tekulve has attached these documents to his appellate brief, and while he and the state have referred throughout their briefs to these documents, they are not part of the record on appeal.[1] A reviewing court cannot add matter to the record before it and then decide the appeal on that basis.[2] Therefore, we do not consider these documents in resolving the assignment of error.

{¶ 5} The state argues that Tekulve's claim is barred by the doctrine of res judicata.[3] We note that a trial court lacks jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty or no-contest plea when it is made after a defendant has perfected his direct appeal and his judgment of conviction has been affirmed.[4] And while there is no jurisdictional bar to a trial court's entertaining a postsentence Crim.R. 32.1 motion where there has been no appeal, the doctrine of res judicata does bar a defendant from raising in that motion those matters that "could fairly [have] be[en] determined" in a direct appeal from his conviction, without resort to evidence outside the record.[5] Thus "the doctrine of res judicata

---

1. See App.R. 9(A).

2. See *State Farm Fire & Cas. Co. v. Condon*, 163 Ohio App.3d 584, 2005-Ohio-5208, 839 N.E.2d 464, ¶ 21, citing *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, syllabus.

3. See *Jackson v. Friley*, 4th Dist. No. 07CA1, 2007-Ohio-6755, 2007 WL 4395161.

4. See *State v. Akemon*, 1st Dist. No. C–080443, 2009-Ohio-3728, 2009 WL 2349238, ¶ 8, citing *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94, 97–98, 9 O.O.3d 88, 378 N.E.2d 162.

5. *State v. Cole* (1982), 2 Ohio St.3d 112, 114, 2 OBR 661, 443 N.E.2d 169; see also *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the

is applicable only where issues could have been determined on direct appeal without resort to evidence outside the record."[6]  But a defendant who has not taken a direct appeal from his conviction is not barred from raising in his motion matters that depend for their resolution upon outside evidence.

{¶ 6} Tekulve's Crim.R. 32.1 motion presented issues that could not have been fairly determined on direct appeal.  Their resolution required examination of evidence not found in the record of the trial court's proceedings, such as Tekulve's pretrial discussions with his appointed counsel.  Thus his motion was not barred by the doctrine of res judicata or by the trial court's lack of jurisdiction.

{¶ 7} But a defendant who seeks to withdraw a plea of no contest after the imposition of sentence has the burden of establishing the existence of a manifest injustice.[7]  A manifest injustice has been defined as a "clear or openly unjust act,"[8] evidenced by an extraordinary and fundamental flaw in a plea proceeding.[9]  The resolution of a Crim.R. 32.1 motion "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."[10]  An abuse of discretion connotes more than an error of judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable.[11]

{¶ 8} The record properly before us reflects a trial court well acquainted with the good faith, credibility, and weight of Tekulve's claims.  In light of Tekulve's admissions on cross-examination at the motion hearing that he had taken the hat from Dillard's, and his failure to adduce more than his own self-serving statements regarding his concerns about the diversion program, Tekulve failed to

---

syllabus; *State v. Brown,* 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, quoting *State v. White,* 7th Dist. No. 03 MA 168, 2004-Ohio-2809, 2004 WL 1194072 (" '[t]he doctrine of res judicata applies to issues raised in a motion to withdraw a guilty plea in the same way that the doctrine applies to issues raised in a petition for post-conviction relief' ").

6.  *State v. Beck,* 1st Dist. Nos. C–020432, C–020449, and C–030062, 2003-Ohio-5838, 2003 WL 22459272.

7.  See Crim.R. 32.1;  see also *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus.

8.  *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208, 699 N.E.2d 83.

9.  See *State v. Smith,* 49 Ohio St.2d at 264, 3 O.O.3d 402, 361 N.E.2d 1324.

10.  *State v. Smith,* paragraph two of the syllabus, cited with approval in *State v. Bush,* 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 14.

11.  See *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

demonstrate that a withdrawal of his plea was necessary to correct a manifest injustice. The trial court's denial of his motion was supported by a sound reasoning process, and it will not be overturned on appeal.[12] The assignment of error is overruled.

{¶ 9} Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

CUNNINGHAM, P.J., and HENDON and MALLORY, JJ., concur.

---

12. See *State v. Smith*, paragraph two of the syllabus; see also *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.