[Cite as *State v. Chamblin*, 2014-Ohio-3895.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                               :          APPEAL NO. C-130828
                                                        TRIAL NO. B-0903691
    Plaintiff-Appellee,                  :

    vs.                                   :          *O P I N I O N.*

JAMES E. CHAMBLIN,                           :

    Defendant-Appellant.                 :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 10, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James E. Chamblin*, pro se.


Please note: we have removed this case from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1} Defendant-appellant James E. Chamblin appeals the Hamilton County Common Pleas Court's judgment overruling his Crim.R. 33 motion for a new trial. We affirm the court's judgment.

{¶2} Chamblin was convicted in 2010 upon jury verdicts finding him guilty on three counts of gross sexual imposition and a single count of attempted rape. He unsuccessfully challenged his convictions on direct appeal, *State v. Chamblin*, 1st Dist. Hamilton Nos. C-100177 and C-100170 (Mar. 4, 2011), and in motions for a new trial filed in 2011 and 2013. *See State v. Chamblin*, 1st Dist. Hamilton No. C-120417 (Feb. 22, 2013). In this appeal from the overruling of his 2013 motion, he advances three assignments of error.

{¶3} *No right to counsel.* In his first and second assignments of error, Chamblin challenges his retained counsel's effectiveness in preparing and presenting his motion. The challenge is untenable.

{¶4} The United States and Ohio Constitutions confer upon an indigent criminal defendant a right to appointed counsel that "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991), paragraph one of the syllabus. *See* Crim.R. 44(A) (requiring that counsel be appointed for an indigent defendant charged with a "serious offense * * * from his initial appearance before a court through [his] appeal as of right"). Thus, Chamblin did not have a constitutionally secured right to counsel on his motion for a new trial filed after we had decided his direct appeal. *See Finley* at 555 (holding that the federal constitution does not confer a right to counsel in a collateral attack upon a

conviction); *Crowder* at paragraph one of the syllabus (holding that a postconviction petitioner does not have a state or federal constitutional right to counsel). *Accord State v. Clumm*, 4th Dist. Athens No. 08CA32, 2010-Ohio-342, ¶ 9-12; *State v. Blankenship*, 12th Dist. Butler No. CA95-07-120, 1995 Ohio App. LEXIS 5587 (Dec. 18, 1995) (holding that the state and federal constitutions do not afford a right to counsel for a Crim.R. 33(A)(6) motion filed after exhaustion of direct appellate review). And he cannot be said to have been denied constitutionally effective counsel in advancing his new-trial motion. *Wainwright v. Torna*, 455 U.S. 586, 587-588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); *State v. Carter*, 93 Ohio St.3d 581, 582, 757 N.E.2d 362 (2001); *Lockland v. Plotsker*, 1st Dist. Hamilton No. C-130563, 2014-Ohio-2173, ¶ 4. We, therefore, overrule the first and second assignments of error.

{¶5} ***No abuse of discretion in denying a new trial.*** In his third assignment of error, Chamblin contends that the common pleas court abused its discretion in failing to provide a "full and fair hearing" on his motion, in overruling the motion, and in failing to enter findings of fact and conclusions of law. We find no merit to these contentions.

{¶6} Chamblin sought a new trial under Crim.R. 33(A)(6), on the ground of newly discovered evidence. The rule did not, as Chamblin insists, require the common pleas court to enter findings of fact and conclusions of law when overruling his new-trial motion. *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70, 711 N.E.2d 683 (1999); *State v. Elliott*, 1st Dist. Hamilton No. C-020736, 2003-Ohio-4962, ¶ 11. But the rule plainly contemplates a hearing. The nature of that hearing is discretionary with the court and depends on the circumstances. *State v. Carusone*, 1st Dist. Hamilton No. C-130003, 2013-Ohio-5034, ¶ 4. We cannot say that the

3

common pleas court abused its discretion, when it conducted an evidentiary hearing on Chamblin's motion, and the record does not show that the hearing was other than "full and fair."

{¶7}   Crim.R. 33(B) requires that a motion for a new trial on the ground of newly discovered evidence be filed either within 120 days of the return of the verdict or within seven days after leave to file a new-trial motion has been granted. Chamblin did not, as the rule contemplates, first seek leave to move for a new trial. *See Carusone* at ¶ 31.  But his motion may fairly be read to seek both a new trial and leave to move for a new trial.  And the common pleas court must be said to have effectively granted leave when it decided the new-trial motion on its merits.

{¶8}   At the hearing on the motion, Chamblin offered "newly discovered evidence" in the form of testimony by his two children recanting their testimony at trial that Chamblin had, on multiple occasions, sexually abused them.   On the motion, Chamblin bore the burden of proving that this evidence

> (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.   The decision whether to grant a new trial is committed to the sound discretion of the trial court, and that decision will not be reversed on appeal unless the court has abused its discretion.  *State v. Williams*, 43 Ohio St.2d 88, 330 N.E.2d 891 (1975), paragraph two of the syllabus.

{¶9} The trial record shows that the children had, before trial, variously disavowed and then reasserted their sexual-abuse claims, and that the defense had, at trial, extensively explored this matter with the children and other witnesses. In denying Chamblin a new trial, the common pleas court concluded that, because the matter of "the kids recanting" had "c[o]me up during the trial," Chamblin had not sustained his burden of proving a strong probability of a different result if a new trial were granted. The record contains competent and credible evidence to support the court's conclusion. Therefore, the court cannot be said to have abused its discretion in overruling Chamblin's motion for a new trial. *See State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990), paragraph one of the syllabus.

{¶10} Accordingly, we overrule the third assignment of error and affirm the judgment of the court below.

CUNNINGHAM, P.J., and HENDON, J., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.