[Cite as *State v. Meister*, 2022-Ohio-3569.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-210456
                                           TRIAL NO. B-1900950
    Plaintiff-Appellee,       :

  vs.                            :        *O P I N I O N.*

DALE MEISTER,                     :

    Defendant-Appellant.      :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: October 7, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Dale Meister*, pro se.

**MYERS, Presiding Judge**.

{¶1} Defendant-appellant Dale Meister appeals the Hamilton County Common Pleas Court's judgment denying his Crim.R. 32.1 postsentence motion to withdraw his guilty pleas. For the following reasons, we affirm the court's judgment.

{¶2} In February 2019, Meister was indicted for three counts of rape in violation of R.C. 2907.02(A)(1)(b). The victim was his granddaughter, who was under the age of 13 at the time of the offenses. Meister entered guilty pleas to three counts of rape in violation of R.C. 2907.02(A)(2) in April 2019, and the trial court imposed the agreed sentence of four years for each count, to be served consecutively. Meister did not appeal.

{¶3} In 2021, Meister moved to withdraw his guilty pleas, arguing that his trial counsel was constitutionally ineffective for failing to challenge his allegedly invalid indictment and the lack of a preliminary hearing. The trial court denied the motion, and Meister now appeals, raising six assignments of error.

{¶4} In his first assignment of error, Meister argues that the common pleas court erred by denying his Crim.R. 32.1 postsentence motion to withdraw his guilty pleas. Specifically, he contends that his pleas were made unknowingly and involuntarily due to trial counsel's constitutional ineffectiveness by failing to challenge the lack of a preliminary hearing and the allegedly invalid indictment.

{¶5} Under Crim.R. 32.1, a defendant seeking to withdraw a guilty plea post sentence must demonstrate that his motion should be granted to correct a "manifest injustice." *State v. Barfield*, 2017-Ohio-8243, 87 N.E.3d 233, ¶ 4 (1st Dist.), citing *State v. Smith,* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. We review the trial court's judgment for an abuse of discretion. *Id*.

{¶6} In *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030 (1st Dist.), this court examined whether a common pleas court may consider a

postsentence motion to withdraw a guilty plea where the defendant does not file a direct appeal of his conviction. We stated:

> [W]hile there is no jurisdictional bar to a trial court's entertaining a postsentence Crim.R. 32.1 motion where there has been no appeal, the doctrine of res judicata does bar a defendant from raising in that motion those matters that "could fairly [have] be[en] determined" in a direct appeal from his conviction, without resort to evidence outside the record. Thus "the doctrine of res judicata is applicable only where issues could have been determined on direct appeal without resort to evidence outside the record."

(Footnotes and citations omitted.) *Id.* at ¶ 5.

{¶7} Here, Meister's claims of ineffective assistance of counsel are barred by res judicata. Meister's argument that his counsel was ineffective for failing to challenge the lack of a preliminary hearing could have been raised in a direct appeal because he knew at the time of the proceedings leading to his conviction that no preliminary hearing had been held. Thus, this claim could have been resolved on direct appeal based upon evidence known and available in the trial record. Likewise, Meister's argument that his indictment was invalid for failing to charge a valid criminal offense, and that his trial counsel was ineffective for failing to challenge the allegedly invalid indictment, is also barred by res judicata. Here, Meister's argument that his indictment did not state a valid criminal offense because the mens rea element of "recklessly" was missing, involved allegations concerning the face of the indictment which could have been raised in his direct appeal and resolved upon information known and available in the trial record.[1]

---

[1] We note that because R.C. 2907.02(A)(1)(b) is a strict-liability offense, the indictment was not invalid for failing to specify a mens rea. *State v. Ferguson*, 10th Dist. Franklin No. 07AP-999, 2008-Ohio-6677, ¶ 88.

**{¶8}** Because res judicata bars Meister's claims of ineffective assistance of counsel, we hold that the common pleas court did not abuse its discretion in denying his motion to withdraw his pleas. Accordingly, the first assignment of error is overruled.

**{¶9}** In his second, third, fourth, and sixth assignments of error, Meister argues, respectively, that the trial court erred by imposing consecutive sentences when he was a "first-time offender," that he should have been charged with sexual battery instead of rape, that his convictions are allied offenses, and that the trial court abused its discretion when it imposed an unreasonable amount of bail. Although these assignments do not address the common pleas court's judgment denying Meister's motion to withdraw his guilty pleas, even if we construed them as doing so, these assignments are barred by res judicata. All these issues could have been raised on direct appeal and fairly determined based on evidence contained in the trial record. *See Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, at ¶ 5. Accordingly, the second, third, fourth, and sixth assignments are overruled.

**{¶10}** Finally, in Meister's fifth assignment of error, he challenges this court's denial of both of his motions to appoint appellate counsel to represent him in this appeal. Generally, "an appellate court has jurisdiction to review assignments of error stemming only from the judgment subject of the notice of appeal." *Campbell v. Campbell,* 10th Dist. Franklin No. 20AP-141, 2021-Ohio-2045, ¶ 13. Because Meister's argument under this assignment does not address an error related to the judgment on appeal, we do not have jurisdiction to review it. Nevertheless, we note that the United States and Ohio Constitutions only confer upon an indigent criminal defendant a right to appointed counsel that "extends to the first appeal of right, and no further." *State v. Chamblin*, 1st Dist. Hamilton No. C-130828, 2014-Ohio-3895, ¶ 4, citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991), paragraph one of the syllabus.

**{¶11}** Based on the foregoing, we affirm the common pleas court's judgment denying Meister's Crim.R. 32.1 motion to withdraw his guilty pleas.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.