[Cite as *State v. Butler*, 2023-Ohio-697.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2022 AP 05 0013 |
| SAJJAAD J. BUTLER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
County Court of Common Pleas, Case No.
2021 CR 03 0076

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 7, 2023

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

KRISTINE BEARD                      JACOB T. WILL
Assistant Prosecutor                 121 South Main Street, Ste. 520
125 E. High Avenue                  Akron, OH 44308
New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1}　Defendant-appellant Sajjaad Butler ["Butler"] appeals from the April 15, 2022 Judgment Entry of the Tuscarawas County Court of Common Pleas overruling his post-sentence motion to withdraw his guilty pleas.

*Facts and Procedural History*

{¶2}　On April 3, 2021 the Tuscarawas County Grand Jury Indicted Butler as follows,

Count One- Aggravated Murder [Unclassified Felony] with an attendant 3-, 5-, 6-year firearm specifications.

Count Two- Murder [Unclassified Felony] with an attendant 3-, 5-, 6-year firearm specifications.

Count Three- Aggravated Robbery [F1] with an attendant 3-, 5-, 6-year firearm specifications.

Count Four- Aggravated Robbery [F1] with an attendant 3-, 5-, 6-year firearm specifications.

{¶3}　The court first appointed a senior attorney from the Tuscarawas County Public Defender office and later appointed Ohio death penalty certified private counsel to represent Butler as co-counsel.

{¶4}　During the pretrial stages of the proceedings Butler's appointed counsel performed several legal tasks and procedures on Butler's behalf as follows,

On May 5, 2021, appointed counsel filed a request for Discovery and

Bill of Particulars.

On May 11, 2021, counsel filed a request for appointed co-counsel and private counsel was appointed as co-counsel on the case.

On May 19, 2021, counsel handled a pretrial and a final pretrial was scheduled for September 14, 2021.

On June 14, 2021, counsel appeared with Butler in open court and executed a time waiver.

On June 17, 2021, counsel filed a motion to suppress the defendant's confession which was assigned for hearing on August 9, 2021.

On August 4, 2021, the state filed a Response to the Motion to Suppress which was served upon and reviewed by counsel.

On August 9, 2021, counsel appeared and actively participated in the suppression hearing before the trial court. After the presentation of evidence, the trial court gave the parties an opportunity to file a written summation in support.

On August 18, 2021, counsel filed a supplement to the motion to suppress continuing to argue that Butler had invoked his right to remain silent prior to his confession.

On September 8, 2021, in preparation for trial, counsel attended and participated in the court ordered deposition of the coroner, Dr. Mooney.

{¶5}   On September 8, 2021, the trial court issued a judgment entry granting Butler's motion to suppress in part. Essentially, the trial court agreed that Butler had invoked his right to remain silent and suppressed the most damaging portion of Butler's confession to the charged crimes. [Docket Entry No. 80].

{¶6} On September 21, 2021, after joint negotiations between the state and Butler's counsel, Butler pled guilty to the indictment with the dismissal of the 3-year and 6-year firearm specifications. The state advised the trial court that the parties had agreed to a jointly recommended sentence of an aggregate 30 years to life - less than the minimum sentence had the 3-year and 6-year specifications not been dismissed and considerably more favorable than life without parole, the potential maximum sentence.

{¶7} On September 21, 2021, Butler executed an "Acknowledgment of Plea Form". [Docket No. 84]. The plea form set forth the potential penalties for the charged offenses, which included the option of life imprisonment without parole. The form further advised Butler that terms could run consecutively by the court.

{¶8} On September 21, 2021 a Change of Plea hearing was conducted by the trial court. Prior to the commencement of the hearing, counsel met with the trial judge in chambers and advised the judge that Butler has expressed a desire to terminate the representation of his court-appointed counsel and co-counsel. The trial court then convened and following the introduction of the case, the trial court addressed Butler's request to terminate the appointed counsel and co-counsel and for the appointment of new counsel. *Judgment Entry on Change of Plea*, filed Sept. 22, 2021. [Docket Entry No. 84]. After hearing from Butler and appointed counsel regarding the services provided to Butler to date and explaining to Butler his right to representation and his option to retain his own private counsel, the trial court denied Butler's request to terminate his two court appointed attorneys and found that Butler's request for the appointment of new counsel was without merit.

{¶9} The trial court advised Butler that it was prepared to go forward with a change of plea, but emphasized, "I'm not here to strongarm you into a change of plea. It still has to be done knowingly, intelligently and voluntarily..." Butler was then afforded an opportunity to confer with counsel. Plea T. Sept. 21, 2021 at 7. After conferring with counsel, counsel advised the trial court that Butler desired to go forward with the plea hearing. Id.

{¶10} The trial court then engaged Butler in a Crim. R. 11 plea colloquy. The colloquy again included the trial court's inquiry as to whether Butler was satisfied with his assistance of counsel to which he responded in the affirmative. Plea T. Sept. 21, 2021 at 16.

{¶11} On September 21, 2021, after joint negotiations between the state and Butler's counsel, Butler pled guilty to the indictment with the dismissal of the 3-year and 6-year firearm specifications. The state advised the trial court that the parties had agreed to a jointly recommended sentence of an aggregate 30 years to life - less than the minimum sentence had the 3-year and 6-year specifications not been dismissed and considerably more favorable than life without parole, the potential maximum sentence.

{¶12} The trial court accepted Butler's plea, entered a finding of guilt and continued the matter for sentencing. At sentencing on October 20, 2012, the trial court imposed the recommended aggregate prison sentence of 30 years to life.

{¶13} Butler did not file a direct appeal from his conviction and sentence. Rather, Butler filed a post-sentence motion to withdraw his guilty plea via a handwritten letter to the court filed on November 12, 2012. [Docket Entry No. 107]. In the motion Butler argued that his trial counsel was ineffective which resulted in a manifest injustice to Butler.

**{¶14}** By Judgment Entry filed December 16, 2021, the trial judge appointed private counsel to represent Butler in the post-conviction action. [Docket Entry 110].[1] An oral hearing on the motion took place on March 29, 2022. Butler supported his argument with a transcript of his plea hearing wherein he told the court that he was not satisfied with his trial counsel. No additional evidence was provided in support.

**{¶15}** By Judgment Entry filed April 15, 2022, the trial court overruled Butler's motion. [Docket Entry No. 141].

*Assignment of Error*

**{¶16}** Butler raises one Assignment of Error,

**{¶17}** "I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

*Law and Analysis*

**Standard of Review**

**{¶18}** Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea to "correct a manifest injustice." *See, State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623.

**{¶19}** "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 188 Ohio App.3d 792,

---

[1] The trial court appointed the same attorney that represents Butler on this appeal.

2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), *citing Kreiner* at 208, 699 N.E.2d 83 and *Smith* at 264, 361 N.E.2d 1324. The term "has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264, 361 N.E.2d 1324. *Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶14.

{¶20} Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at 264, 361 N.E.2d 1324, *citing Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir. 1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. An appellate court reviews a trial court's decision on a motion to withdraw a plea under an abuse-of-discretion standard. *Smith* at paragraph two of the syllabus; State *v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32; *Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15.

**Issue for appellate review:** *Whether Butler suffered a manifest injustice under Crim.R. 32.1*

{¶21} Prior to ruling on Butler's motion to withdraw his negotiated guilty plea, the trial court appointed private counsel to assist him. The trial court further granted Butler and his counsel an additional thirty days to review all discoverable material from the State of Ohio in order to assist him in determining how to properly proceed on behalf of Butler.

The trial court further conducted an evidentiary hearing on Butler's motion.  No witnesses were called and no evidentiary materials, other than the transcript from Butler's change of plea hearing, were offered or admitted during the hearing.

{¶22}  In the Judgment Entry overruling the motion filed April 15, 2022, the trial court first noted the lack of affidavits supporting the motion.  The court also noted that during his change of plea hearing, Butler expressed his dissatisfaction with his two appointed attorneys. The trial court noted that it provided Butler an opportunity to explain his dissatisfaction; however, Butler declined to elaborate on his concerns.  The trial court further inquired of defense counsel concerning their representation of Butler. The trial court provided Butler an opportunity to consult with his attorneys before proceeding with the change of plea hearing.  Counsel represented to the court that after consultation, Butler desired to enter his plea.  During the plea hearing, Butler was given several opportunities to ask questions; he did not. Butler was further asked by the trial judge if he had sufficient opportunity to review the case, discovery and consult with his attorneys. Butler answered that he had.  Butler further acknowledged to the trial judge that he was satisfied with his attorneys.

{¶23}  The trial court found that Butler's claims were not supported by the record or evidentiary materials submitted outside the record.

*Res judicata*

{¶24}      On appeal, Butler contends "that the failure to inquire about the status of his relationship with his trial counsel prior to the sentencing hearing was a manifest injustice especially because that same issue was raised by the Defendant mere minutes before he entered his pleas." Appellant's brief at 9.

{¶25} Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 post sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See, State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 59. Butler could have, but did not, file a direct appeal arguing that he did not make a knowing, intelligent, and voluntary guilty plea. Butler could have challenged his guilty plea on direct appeal. *See State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph one of the syllabus.

{¶26} The trial court appointed counsel to represent Butler on his motion and conducted an evidentiary hearing during which Butler was given the opportunity to present evidence in support of his claims. The only evidence introduced during the hearing on Butler's motion to withdraw his guilty pleas was the transcript of the change of plea hearing. That document was available for use in a direct appeal. Butler does not cite evidence outside the record to support his claim that the plea was not knowing, intelligent and voluntarily entered or that his counsel was ineffective. Thus, this claim is not based upon newly discovered evidence.

{¶27} Butler has failed to present any evidence within or outside the record to demonstrate anything occurring in the plea proceeding that caused his plea to not be knowing, intelligent, and voluntary or that his counsel was ineffective.

{¶28} Accordingly, his claim is barred by res judicata.

*Failure to inquire*

{¶29} A defendant's right of allocution is governed by Crim.R. 32(A)(1), which provides that, "[a]t the time of imposing sentence," the trial court is obligated to "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant

personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The right of allocution applies to both felony and misdemeanor convictions. *State v. Cantrell*, 2d Dist. Champaign No. 2014-CA-19, 2015-Ohio-1936, ¶ 4, *citing State v. Collier*, 2d Dist. Clark Nos. 2006-CA-102, 2006-CA-104, 2007-Ohio-6349, ¶ 92.

**{¶30}** Because Butler could have brought his claim that the trial court failed to inquire about the status of his relationship with his trial counsel prior to the sentencing hearing upon direct review, he is barred from raising it in post-conviction proceedings. *State v. Davie,* 11th Dist. Trumbell No. 2007-T-0069, 2007 WL 4485485 (Dec. 21, 2007), ¶23; *State v. Mathis,* 9th Dist. Lorain No. 96CA006448, 1997 WL 270535 at *2; *State v. Lott,* 8th Dist. Cuyahoga Nos. 66388, 66389, 66390, 1994 WL 615012 (Nov. 3, 1994) at *13.

**{¶31}** Based on the foregoing, the trial court did not abuse its discretion in overruling Butler's postsentence motion to withdraw his negotiated guilty pleas.

**{¶32}** Butler's sole Assignment of Error is overruled.

{¶33} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur