[Cite as *State v. Chamblin*, 2023-Ohio-3129.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220488 |
| | | TRIAL NO. B-0903691 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JAMES CHAMBLIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: September 6, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James Chamblin*, pro se.

**WINKLER, Judge**.

{¶1} Defendant-appellant James Chamblin appeals the Hamilton County Common Pleas Court's judgment denying his motion to vacate his conviction for attempted rape. Because we hold that the common pleas court lacked jurisdiction to consider Chamblin's motion, we modify the court's judgment to a dismissal of the motion and affirm the court's judgment as modified.

**Procedural History**

{¶2} In 2010, following a jury trial, James Chamblin was convicted of attempted rape and three counts of gross sexual imposition involving his minor children. He unsuccessfully challenged his convictions on direct appeal, *State v. Chamblin*, 1st Dist. Hamilton Nos. C-100170 and C-100177 (Mar. 4, 2011), *denying motion for delayed appeal*, 138 Ohio St.3d 1412, 2014-Ohio-566, 3 N.E.3d 1215, and in motions for a new trial filed in 2011 and 2013. *See State v. Chamblin*, 1st Dist. Hamilton No. C-120417 (Feb. 22, 2013); *State v. Chamblin*, 1st Dist. Hamilton No. C-130828, 2014-Ohio-3895, *appeal not allowed*, 142 Ohio St.3d 1411, 2015-Ohio-1099, 27 N.E.3d 540.

{¶3} In February 2022, Chamblin moved to vacate his conviction for attempted rape, arguing that his indictment was constitutionally insufficient as it did not name a victim for that offense, and therefore, Chamblin did not have adequate notice of the charge and could not properly defend against it. At the hearing on the motion to vacate, the state argued that the motion should be dismissed as an untimely petition for postconviction relief and, further, even if the petition had been timely, it was barred by res judicata as any defect in the indictment could have been raised and determined at trial or on direct appeal. Following the hearing, the common pleas court orally denied the motion, stating that Chamblin had been aware at trial that his son was the victim of the attempted-rape charge and that his claim was barred by res judicata. The court then journalized an entry summarily denying the motion.

**{¶4}** Chamblin now appeals, arguing in a single assignment of error, that the common pleas court erred by denying his motion.

## No Jurisdiction under R.C. 2953.21 et seq.

**{¶5}** Although Chamblin's motion did not cite to R.C. 2953.21, where a criminal defendant, after his direct appeal, files a motion seeking vacation of his conviction on the basis that his constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21. *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). Because Chamblin was seeking to vacate his conviction for attempted rape on constitutional grounds, the common pleas court should have recast Chamblin's motion as a postconviction petition and reviewed it under the standards of R.C. 2953.21 et seq.

**{¶6}** R.C. 2953.21(A)(2) requires a petitioner who has filed a direct appeal from his convictions to file his petition "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Here, Chamblin filed his motion years beyond the time afforded under R.C. 2953.21(A)(2) had expired. Because a common pleas court may not entertain an untimely petition, the court lacked jurisdiction to review Chamblin's petition unless he demonstrated that one of the exceptions in R.C. 2953.23(A) applied.

**{¶7}** Under R.C. 2953.23(A), Chamblin had to show either he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired. And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A)(1).

**{¶8}** Here, Chamblin cannot demonstrate that his postconviction claim is based on a new federal or state right or that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends. He knew upon receipt of his indictment that it did not name a victim for the attempted-rape offense, and the record demonstrates that, at the latest, he learned that the state was alleging his son was the victim of the attempted rape at the hearing on his Crim.R. 29 motion for acquittal. He was further reminded that his son was the victim when the trial court added the son's initials to the jury instructions pertaining to the attempted-rape charge. Because the record demonstrates that Chamblin knew that his son was the victim of the attempted-rape offense during his trial and that the indictment had failed to list his son as victim, we cannot say he was unavoidably prevented from discovering the facts upon which his postconviction claim challenging the sufficiency of the indictment depends.

**{¶9}** Because Chamblin cannot satisfy the exceptions set forth in R.C. 2953.23, the common pleas court lacked jurisdiction to consider his petition and should have dismissed it. *See* R.C. 2953.21(D) and (F) and 2953.23(A). Therefore, upon the authority of App.R. 12(A)(1)(a), we modify the judgment from which Chamblin has appealed to reflect the dismissal of his motion. Accordingly, Chamblin's single assignment of error is overruled, and the common pleas court's judgment is affirmed as modified.

Judgment affirmed as modified.

**CROUSE, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.