[Cite as *State v. Avery*, 2024-Ohio-3094.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :
                                        :      Case No. 23CA4012
    Plaintiff-Appellee,              :
                                        :
    v.                               :      <u>DECISION AND JUDGMENT</u>
                                        :      <u>ENTRY</u>
KHADEJA S. AVERY,                       :
                                        :
    Defendant-Appellant.             :      **RELEASED: 08/05/2024**

---

<u>APPEARANCES:</u>

Phillip J. Korey, Cleveland, Ohio, for appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio, for appellee.

---

Wilkin, J.

{¶1} This is an appeal from a Scioto County Court of Common Pleas' entry in which the trial court denied appellant Khadeja S. Avery's postsentence motion to withdraw her guilty plea. In February 2014, Avery pleaded guilty to three counts of trafficking in drugs and one count of tampering with evidence. The trial court imposed the negotiated aggregate prison term of 20 years. Avery directly appealed her convictions and challenged the validity of her guilty plea. *State v. Avery*, 2015-Ohio-4251 (4th Dist.) ("*Avery I*"). We affirmed Avery's convictions and sentence. *Id.*

{¶2} More than seven years after we affirmed her guilty plea, Avery filed a motion to "vacate plea and sentence" claiming she received ineffective assistance of counsel for counsel's failure to file a motion to suppress the drugs

found in the vehicle.  According to Avery, her motion to suppress has legal merit and would have been granted since there was no basis for the initial traffic stop, and most certainly, no legal authority to have extended the duration of the stop beyond issuing a minor misdemeanor traffic citation.  Thus, the drugs found in the vehicle would have been suppressed.  This, Avery maintains, demonstrates manifest injustice that requires her plea to be vacated.

{¶3} The trial court denied Avery's postsentence motion to vacate her guilty plea finding she waived the argument of ineffective assistance of trial counsel and further, her argument was barred by the doctrine of res judicata. The trial court concluded that Avery had several opportunities to raise the issue of ineffective assistance of counsel for failing to file a motion to suppress but failed to do so.

{¶4} In her sole assignment of error before us, Avery challenges the trial court's denial of her postsentence motion to vacate her guilty plea.  We overrule the assignment of error and find no abuse of discretion by the trial court's decision to apply the doctrine of res judicata.  Avery filed her postsentence motion to vacate her guilty plea more than eight years after pleading and after filing a direct appeal.  Moreover, Avery does not contend that any of the evidence relied upon in support of her postsentence motion to vacate her guilty plea was unavailable at the time of her direct appeal.  Therefore, Avery could have raised the issue in her direct appeal.  Consequently, we affirm the trial court's decision.

FACTS AND PROCEDURAL BACKGROUND

{¶5} In 2013, an indictment was filed charging Avery with seven felony

counts, including Count One, trafficking in drugs as a first-degree felony offense with a major drug offender specification. Avery initially pleaded not guilty, but in February 2014, she and the State reached a plea agreement. In exchange to pleading guilty to three counts of trafficking in drugs in Counts One, Three and Five, and one count of tampering in evidence in Count Seven, the State agreed to dismiss the other three counts. Additionally, the parties agreed to an aggregate prison term of 20 years. Following Avery's guilty plea colloquy, the trial court proceeded to sentencing and imposed the negotiated aggregate sentence of 20 years in prison.

{¶6} Avery filed a direct appeal and raised four assignments of error challenging the validity of her guilty plea. *Avery I*, 2015-Ohio-4251, at ¶ 1 (4th Dist.). After reviewing the arguments, the record of the case, including the guilty plea hearing, we overruled the four assignments of error and affirmed Avery's convictions and sentence. *Id.* at ¶ 20.

{¶7} More than seven years after we affirmed Avery's convictions and sentence, she filed a postsentence motion to vacate her guilty plea in October 2022. Avery argued she received ineffective assistance of counsel in which her trial counsel failed to file a motion to suppress the drugs found in the vehicle she was a passenger in. Avery asserted she had standing to challenge the vehicle's search as she was a passenger in the vehicle. She further maintained that the officer did not have a basis for the traffic stop. Avery contended there was no marked lane violation. However, in the event that the trial court found there was reasonable suspicion for a traffic stop, Avery asserted that the

detention of over 22 minutes was beyond the scope of the traffic stop.  And there was no reasonable suspicion of criminal activity to warrant the removal of Avery from the vehicle and search of the vehicle.  The search was thus unconstitutional.

{¶8} In support of her postsentence motion to vacate her guilty plea, Avery attached four exhibits to her motion.  The first exhibit is the docket of the case demonstrating that no motion to suppress was filed.  The second exhibit is her affidavit confirming no motion to suppress was filed and that her sentence of 20 years in prison was unfair.  The issue of her sentence was brought up during correspondence in 2015 between her counsel and the former Scioto County assistant prosecutor, and additionally, correspondence from an assistant United States Attorney from the United States Department of Justice to former Scioto County assistant prosecutor.  The third exhibit is an affidavit from Avery's current counsel.  The fourth exhibit is the December 2017 letter from assistant United States Attorney John N. O'Brien II to former Scioto County assistant prosecutor that handled Avery's prosecution.  The State did not file a response to Avery's motion to vacate her plea and sentence.

{¶9} The trial court did not hold a hearing addressing Avery's postsentence motion to vacate her plea.[1]  The trial court denied the motion in an entry finding the following:

> The defendant had several opportunities to raise the issue of ineffective assistance of counsel for failing to file a motion to suppress.

---

[1] The judge who denied Avery's postsentence motion to vacate her guilty plea was not the same judge who accepted Avery's guilty plea and imposed sentence.

1) The defendant, prior to trial could have filed a motion to suppress but, waived that right by making a knowing, intelligent and voluntary waiver of rights when she entered the guilty plea.
. . .
2) As noted, Defendant filed an appeal and at no point did defendant or the Court address the issue of failure to file a motion to suppress as ineffective assistance of counsel.
3) Furthermore, no motions for post-conviction relief were ever filed.
If manifest injustice occurred, it occurred when defendant waived her rights and pled guilty.

The Court finds that principles of waiver and res judicata precludes this court from considering the issues raised by Defendant.
. . .
The Court also notes that the plea was a negotiated plea.
. . .
The Defendant knowingly, intelligently and voluntarily entered pleas of guilty with negotiated sentences.
The Court finds that Defendant has not shown manifest injustice and therefore the motion is dismissed.

**{¶10}** It is from this entry that Avery appeals.

ASSIGNMENT OF ERROR

THE TRIAL COUNSEL'S FAILURE TO FILE A MERITORIOUS MOTION TO SUPPRESS CONSTITUTED INEFFECTIVE COUNSEL, AND/OR FAILURE OF DUE PROCESS RESULTING IN A DEPRIVATION OF KHADEJA AVERY'S RIGHTS UNDER THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 14 OF THE OHIO CONSTITUTION.

**{¶11}** Avery's appellate brief focuses on her trial counsel's failure to file a motion to suppress that she maintains resulted in manifest injustice.  Avery asserts that she received ineffective assistance of counsel as she had a viable Fourth Amendment violation argument that was not presented in a motion to suppress.[2]  Avery argues that as a passenger in the vehicle, she had standing to

---

[2] Avery maintains that most of the evidence in support of her claim is "available on video."  Avery is referencing the dash camera video from the trooper's cruiser.  However, this video was not admitted as evidence.  The video was provided to Avery in discovery back in January 2014.

file a motion to suppress.  Avery contends there was no basis for the traffic stop as the vehicle did not commit any traffic violation; that is, the driver did not cross over any marked lanes.  Thus, all evidence obtained as a result of the stop should be excluded.

{¶12} Even assuming that the traffic stop was legal, Avery maintains that she was unlawfully detained beyond the scope of the traffic stop, thus, the drugs found in the vehicle should be excluded.  The search of the vehicle was conducted 22 minutes after the traffic stop and there was no citation issued for a traffic violation.  During the stop, the trooper terminated the purpose of the stop early on before launching a drug investigation without the use of a canine sniff dog.  This was unconstitutional as no reasonable suspicion existed for a drug investigation and prolonging the duration of the stop.

{¶13} With regard to the timing of the filing of her postsentence motion to vacate her plea, Avery's counsel maintains that he had several contacts with former and current Scioto County assistant prosecutors who indicated they would not oppose a judicial release motion.  However, this means that Avery would still serve 16 years in prison which is 6 years longer than the sentence imposed on the major offender of the offense—Avery was simply a mule.  Thus, counsel filed the postsentence motion to vacate her guilty plea.

{¶14} In response, the State contends that there was no basis to file a motion to suppress.  According to the State, the traffic stop was based on reasonable suspicion of the driver committing several marked lane violations, and citing for the traffic violation is not a requirement to validate the stop.

Moreover, the prolonging of the stop was justified in which there was "an odor of marijuana exuding from the passenger compartment," the car was a rental, and the driver and Avery's story of why they were in Ohio did not match as both are from Michigan. The State asserts that the failure to file a motion to suppress does "not equate to ineffective assistance of counsel[.]" The State maintains that Avery's arguments are based on speculation and have no merit. The State agrees with the trial court that Avery waived the arguments she now presents and that the doctrine of res judicata applies.

{¶15} In her reply brief, Avery reiterates that she received ineffective assistance of trial counsel for failing to file a motion to suppress. The motion if granted meant the difference between a conviction and an acquittal. And as the video demonstrates, the stop was unconstitutionally prolonged. Avery concludes by stating that her sentence was disproportionate.

I.      Law and Analysis

{¶16} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

> "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 7 (1st Dist.), citing *Kreiner* at 208, 699 N.E.2d 83 and *Smith* at 264, 361 N.E.2d 1324. The term "has been

variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264, 361 N.E.2d 1324.

*State v. Straley*, 2019-Ohio-5206, ¶ 14.

**{¶17}** In the matter at bar, Avery maintains the manifest injustice occurred due to her trial counsel's failure to file a motion to suppress. To demonstrate ineffective assistance of counsel, Avery "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Short*, 2011-Ohio-3641, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1988), paragraph two of the syllabus. Failure to demonstrate either prong of this test "is fatal to the claim." *State v. Jones,* 2008-Ohio-968, ¶ 14 (4th Dist.), citing *Strickland*, 466 U.S. 668.

**{¶18}** Avery "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62, citing *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999), citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299 (1965). "In order to overcome this presumption, the petitioner must submit sufficient operative facts or evidentiary documents that demonstrate that the petitioner was prejudiced by the ineffective assistance." *Id.*, citing *State v. Davis*, 133 Ohio App.3d 511, 513 (8th Dist. 1999). To demonstrate prejudice, Avery "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland* at 694.

{¶19} The decision on whether to grant or deny a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 is left to the sound discretion of the trial court. *Smith*, 49 Ohio St.2d 261, paragraph two of the syllabus. We thus, review the trial court's denial of Avery's postsentence motion to vacate her guilty plea under the abuse of discretion standard. "An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *State v. Ables*, 2012-Ohio-3377, ¶ 9 (4th Dist.), citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶20} The trial court denied Avery's motion without conducting a hearing. "An evidentiary hearing is not required for deciding postsentence motions to withdraw a guilty plea where the record conclusively and irrefutably contradicts the allegations in the motion." *State v. Cassell,* 2017-Ohio-769, ¶ 27 (4th Dist.), citing *State v. Pasturza*, 2009-Ohio-4222, ¶ 18 (4th Dist.).

{¶21} We find that the trial court did not abuse its discretion in denying Avery's motion without conducting a hearing and in applying the doctrine of res judicata. "Generally, the doctrine of res judicata bars from review claims of ineffective assistance of counsel raised in a postsentence Crim.R. 32.1 motion to withdraw a guilty plea if those claims were or could have been asserted on direct appeal." *State v. Pemberton*, 2011-Ohio-373, ¶ 19 (4th Dist.), citing *State v. Vincent*, 2003-Ohio-3998 (4th Dist.).

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due

process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

**{¶22}** Avery pleaded guilty in 2014 to four felony offenses including a first-degree felony with a major drug offender specification. The trial court after accepting Avery's guilty plea, imposed the negotiated aggregate prison term of 20 years. Avery directly appealed her convictions and in four assignments of error, challenged the validity of her guilty plea. *Avery I*, 2015-Ohio-4251 (4th Dist.). In the first assignment of error, Avery claimed the trial court failed to properly inquire on whether she was satisfied with her trial counsel, thus, she asserted her plea was not knowingly, intelligently, and voluntarily entered into. We disagreed, finding that the trial court halted the plea colloquy when Avery responded "not really," and after Avery and her attorney consulted, Avery advised the trial court her response was a misunderstanding and confirmed her satisfaction with trial counsel. *Id.* at ¶ 6, 8, 9, 11, 13.

**{¶23}** Avery, within the first assignment of error, also claimed the trial court misadvised her regarding her eligibility for community control. *Id.* at ¶ 14. We rejected this argument as the plea colloquy demonstrated that it was Avery's counsel who mentioned community control, not the trial court. *Id.* at ¶ 15.

**{¶24}** We addressed the final three assignments of error together: "(1) the trial court erroneously informed her that she was eligible for 'earned credits' pursuant to R.C. 2967.193; (2) the prosecutor made inflammatory remarks during sentencing; and (3) appellant received constitutionally ineffective assistance from

trial counsel." *Avery I*, 2015-Ohio-4251, at ¶ 17 (4th Dist.). We overruled the assignments of error for several reasons. First, the events occurred after the trial court accepted Avery's guilty plea, thus, they "had no bearing on the pleas," and none of the arguments relate to the validity of Avery's guilty plea. *Id.* at ¶ 18. Second, the plea was a negotiated plea. *Id.* Third, none of the events prejudiced Avery. *Id.* Finally, we held that although Avery asserted she received ineffective assistance of counsel, she "does not state what it is that trial counsel did to constitute ineffective assistance for her." *Id.*

**{¶25}** As the record demonstrates, Avery had the opportunity to raise the issue of trial counsel's failure to file a motion to suppress in the direct appeal. She did not. Avery waited more than eight years after pleading guilty to file her postsentence motion to vacate her guilty plea on an issue that could have been raised in the direct appeal. "Res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 2006-Ohio-1245, ¶ 18. What is more, Avery does not contend that any of the evidence relied upon in support of her postsentence motion to vacate her guilty plea was unavailable at the time of her direct appeal.

**{¶26}** We hold that the doctrine of res judicate applies and this is not one of the "extraordinary cases" establishing manifest injustice. Wherefore, we overrule Avery's assignment of error.

CONCLUSION

**{¶27}** Having overruled Avery's assignment of error, we affirm the trial

court's judgment entry denying Avery's postsentence motion to vacate her guilty plea.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**